

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXWILLXXWILSONX
ATTORNEY GENERAL

Honorable Eugene Brady
County Attorney
Greenville, Texas

Dear Sir:

Opinion No. O-4311
Re: Validity of action taken by
independent school district's
board of equalization in
month of October.

We have your letter of April 15, 1942, requesting an opinion
of this department , and which reads as follows:

"An Independent School District in this county
organized under the general law through their duly
appointed special tax assessor and collector assessed
property located in said district for taxes based upon
the value of the land as of January 1, 1941. A board
equalization was appointed by the trustees of the in-
dependent school district and met on October 15, 1941
for the purpose of equalizing taxes in the district.
The taxpayers were duly notified of the time and place
of the meeting of the equalization board and had due
opportunity to appear before same on the date set.
One taxpayer now contends that because the tax rolls
should have been ready for collection on October 1st
and the equalization board did not meet until October
15th the taxes are illegal and he is not bound to pay same.

"The statutes provide that the law as applicable
to the collection of taxes of incorporated cities and
towns shall be applicable likewise to collection of
taxes of independent school districts. Articles 1043
and 1044 RCS provide for the collection and assessment
of taxes in cities and towns. Article 1048 provides
that the city council shall annually at their first
meeting or as soon thereafter as practicable appoint
three commissioners each a qualified voter, a resident
and property owner of the city who shall be styled the
board of equalization. At the same meeting said council
shall fix the time for the meeting of such board. Article
1049 states 'The Board of Equalization shall convene
annually at the time so fixed to receive all the assessment
lists or books of the assessor of their city for examination,

correction, equalization, appraisement and approval.'
Article 1051 provides that any person may file with said
board at any time before the final action of said board
a complaint as to the assessment of his property and
said board shall hear said complaint.

"The question presented here as I see it is must
the Equalization Board of an Independent School District
meet at any particular time during the year, or is this
requirement met by the equalization board meeting at any
time during the calendar year?

"It is generally held that the statutes that regulate
the time when the assessor shall make out his rolls, and
the time when the board of equalization shall certify to
their correctness are directory and not mandatory. In the
absence of any law decreeing when the assessment shall be
made, or when the board of equalization shall meet, or
when the rolls shall be prepared, these matters are under
the control of the local authorities. If the only statu-
tory requirement is that the taxes be levied during the
year, delivery of the rolls to the collector may be made
at any time during the year. 37 Texas Jurisprudence, 1012.

"The statutes heretofore quoted do not require the
board of equalization to meet any particular time during
the year. It only requires that the board shall convene
annually at a time fixed by the governing body. This
being true I think it would clearly follow that all else
being regular the fact that the board of equalization did
not convene until October 15 would not invalidate the taxes."

We agree with your conclusion and have little to add to the
reasoning by which it is reached. We might mention that even though
the time for the sitting of such a board of equalization be fixed in
the manner that county commissioners' courts are required to meet
as boards of equalization in the month of May of each year, such
would not, in our opinion, invalidate the assessment. From Mr.
Sutherland in his work on Statutory Construction (2nd Ed.), Section
612, page 1117, we quote:

"Provisions regulating the duties of public officers
and specifying the time for their performance are in that
regard generally directory. Though a statute directs a
thing to be done at a particular time, it does not necessarily
follow that it may not be done afterwards. In other words,
as the cases universally hold, a statute specifying a time
within which a public officer is to perform an official act
regarding the rights and duties of others is directory, un-
less the nature of the act to be performed, or the phraseology
of the statute is such that the designation of time must be

considered as a limitation of the power of the officer."

Again this same author observes, in Section 611, at page 114:

"Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purpose of the statute."

This canon of statutory construction is illustrated by the case of Graham v. Lasater, 26 S. W. 472, holding that under Sayles Civil Statutes, Article 1517a, Subdivision 1, providing that the County Commissioners' Court shall convene and sit as a Board of Equalization on the second Monday in June, or "as soon thereafter practicable before the first day of July," does not render a continuation of their proceedings into July a nullity.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:db:wc

APPROVED APRIL 24, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By BWB Chairman